**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

   **-v-**                                                          **94-CR-328**

**ANTHONY WALKER,**

       **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

Defendant was convicted of a Continuing Criminal Enterprise, Murder, and Possession of Controlled Substances. He was sentenced to a statutory mandatory minimum of 240 months. Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. *See* U.S.S.G. § 2D1.1(c).

Because Defendant's original sentence was a non-Guidelines sentence[1], he is not eligible for a reduced sentence. See United States v. Williams, 551 F.3d 182 (2d Cir. 2009). The retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence (not the statutory sentence), offers Defendant no help. Williams, 551

---

[1] As noted above, the Court had to apply the statutory mandatory minimum in place of the Guidelines calculation.

F.3d at 185; United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008).  The statutory mandatory minimum subsumed and displaced the otherwise applicable guideline range. Williams, 551 F.3d at 185.  "Once the mandatory minimum applied, [Defendant's] sentence was no longer based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  Id.  The Guidelines sentence - either before or after application of the crack cocaine sentencing amendment - is still the statutory mandatory minimum.  Inasmuch as the Guidelines sentence would not be changed by the retroactive crack sentencing amendment, the exclusion set forth at U.S.S.G. § 1B1.10(a)(2)(B) ("[the crack cocaine sentencing reduction amendment] does not have the effect of lowering the defendant's applicable guideline range") applies.  Id.  Accordingly, "[a]  reduction in the defendant's term of imprisonment is not consistent with [the applicable]  policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a)(2)(emphasis added); see also Williams, 551 F.3d 182; Johnson, 517 F.3d at 1024.

For the foregoing reasons, Defendant's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED**

DATED: April 17, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

2